UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Judith O. Nagy,** | ) CASE NO. 1: 21 CV 1140 |
| Plaintiff, | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) |
| | ) <u>Memorandum of Opinion and Order</u> |
| **State of Ohio,** *et al.*, | ) |
| Defendants. | ) |

**Background and Introduction**

Plaintiff Judith O. Nagy, an Ohio prisoner proceeding *pro se*, has filed a fee-paid civil rights complaint in this case against the State of Ohio "ex rel. David Yost, Ohio Attorney General," the Cuyahoga County Board of Developmental Disability "ex rel. Jerry Cannon, Forensic Auditor," and her criminal defense lawyer Michael Mahoney. (Doc. No. 1.)

Her complaint pertains to her state criminal conviction in *State of Ohio v. Nagy*, No. CR-17-614893 (Cuyahoga Cty. Ct. of Comm. Pls.). Plaintiff was indicted by the grand jury on 16 counts in the case, including aggravated theft, grand theft, theft, telecommunications fraud, passing bad checks, and money laundering. Plaintiff ultimately pled guilty to one count of aggravated theft and one count of theft, and the trial court sentenced her to 36 months on each count to be served consecutively, as well as $5,000 restitution for one victim and $15,000 for another victim. On appeal, plaintiff challenged the validity of her plea agreement on the ground the trial court's $15,000 restitution order was inconsistent with the terms of the plea agreement. The Ohio Court of Appeals reversed only the $15,000 part of trial court's restitution order, with instructions that the trial court modify the order to reflect the amount ($7000) specified in the

plea agreement. The Court of Appeals otherwise affirmed plaintiff's convictions and sentence "in all other respects." *See State v. Nagy*, 2018 -Ohio- 1513, ¶10, 2018 WL 1877906 (Ohio App. 8th Dist. Apr. 19, 2018).

After the trial court modified the restitution portion of her sentence, plaintiff again appealed, claiming ineffective assistance of counsel and that the trial court erred in not recording the pretrial conferences and not investigating statements of prosecution witnesses. This appeal, however, was dismissed for untimeliness in 2019. *State v. Nagy*, 2019-Ohio- 2319, ¶ 1, 2019 WL 2473753, at *1 (Ohio App. 8th Dist., June 11, 2019).

Plaintiff filed this civil action on June 7, 2021, seeking damages from the defendants for constitutional violations she alleges occurred in her criminal case and asking the Court vacate her guilty plea and the judgment of conviction imposed on her. (Doc. No. 1 at 10-11.) She alleges civil rights claims against the defendants under 42 U.S.C. §§ 1983 and 1985, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, contending the defendants violated her rights under the Fifth, Sixth, and Fourteenth Amendments and conspired against her by pressuring her to plead guilty when there was insufficient evidence to convict her. (*Id.*. at 2-6, ¶¶ 4-15.) And she contends she was discriminated against in the case on the basis of her national original (Eastern European). (*Id*. at 7, ¶ 16.)

Plaintiff has filed a motion to compel discovery (Doc. No 12), which several of the defendants have opposed, and all of the defendants have answered her complaint or moved for extensions of time to respond to it.

The Court does not find it necessary to determine plaintiff's pending motion to compel, or to consider any responsive pleading filed by any defendant, because the Court finds upon its

own review that plaintiff's complaint must be dismissed.

## Standard of Review and Discussion

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment generally accorded *pro se* pleadings "has limits" and *pro se* plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Federal courts are courts of limited jurisdiction have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Sua sponte* dismissal of even a fee-paid complaint is appropriate without affording the plaintiff an opportunity to amend where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id*. at 480.

Upon review, the Court finds that plaintiff's complaint warrants dismissal pursuant to *Apple v. Glenn*. Even liberally construed, her alleged claims are implausible, without merit, or no longer open to discussion.

First, to the extent plaintiff asks the Court to vacate her guilty plea or her state conviction, her claims are implausible and without merit. It is well-established that a civil rights action is not the appropriate vehicle for a person in state custody to challenge the legality of her conviction or sentence. "The proper vehicle to challenge a [state] conviction is through the state's appellate procedure and, if that fails, *habeas* relief under 28 U.S.C. § 2254." *Jackim v.*

*City of Brooklyn*, No. 1: 05 CV 1678, 2010 WL 4923492, at *4 (N.D. Ohio Nov. 29, 2010).  As the Supreme Court has made clear, where a person in state custody challenges "the very fact or duration" of her physical imprisonment in connection with a criminal conviction or sentence, and the relief she seeks is immediate release or a speedier release, her sole federal remedy is a writ of *habeas corpus*.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Accordingly, to the extent plaintiff wishes to challenge the constitutional validity of her state criminal conviction, she must do so through a petition for a writ of habeas corpus after full exhaustion of her state remedies.  *See* 28 U.S.C. § 2254.

Second, plaintiff's claims under §§ 1983 and 1985 for damages are implausible under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must [first] prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87.

*Heck* has been extended to apply to conspiracy claims under § 1985.  *Dotson v. Lane*, 360 Fed. Appx. 617, 619–20, 2010 WL 22326, at *2 (6th Cir. 2010) ("Under *Heck* and its progeny, a state prisoner cannot state a cognizable claim under sections 1983 or 1985 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement until such time that the conviction is reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.") (internal citation omitted).

All of plaintiff's civil rights claims here necessarily imply the invalidity of her state criminal conviction. Accordingly, because she has not demonstrated or alleged that her plea or conviction has been set aside or invalidated in any of the ways articulated in *Heck*,[1] her civil rights claims for damages under §§ 1983 and 1985 are simply not cognizable.[2]

Finally, plaintiff's allegations are totally implausible and without merit to the extent she alleges a claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. That statute applies solely to discrimination in employment, and the existence of an employer/employee relationship is a necessary prerequisite for sustaining such a claim. *Collier v. Austin Peay State University*, 616 F.Supp.2d 760, 769–70 (M.D. Tenn. 2009). Plaintiff's allegations regarding national origin discrimination have no connection whatsoever to an employer/employee relationship.

## Conclusion

For all of the foregoing reasons, plaintiff's complaint lacks the legal plausibility necessary to invoke federal subject-matter jurisdiction and is dismissed pursuant to the Court's authority established in *Apple v. Glenn*. In light of this dismissal, plaintiff's motion to compel discovery (Doc. No. 12) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

---

[1] Indeed, the Ohio Court of Appeals upheld her conviction. *See State v. Nagy*, 2018 -Ohio- 1513, 2018 WL 1877906.

[2] Her § 1983 claims are without merit for other reasons as well, including that her criminal defense lawyer Michael Mahoney is not state actor subject to suit under that statute, *see Jordan v. Kentucky*, No. 3: 09 CV 424, 2009 WL 2163113, at *4 (W.D. Ky. July 16, 2009), and the Eleventh Amendment bars damages in federal court against a State and state officials acting in their official capacities, *see Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2008).

IT IS SO ORDERED.

Dated: 10/5/21

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge